```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 14-24686-Civ-LENARD
                              MAGISTRATE JUDGE P.A. WHITE


JOHN ROBERT DEMOS a/k/a       :
ANWARR SHBAZZ,
                              :
     Plaintiff,
                              :
v.                                          REPORT OF
                              :          MAGISTRATE JUDGE
THE STATE OF WASHINGTON,
                              :
     Defendant.
_____ :
```

I. Introduction

Plaintiff, while confined as a State of Washington prisoner, has filed the instant pro se action pursuant to 42 U.S.C. §1983. (DE# 1). The Complaint was submitted to this Court without the $350.00 filing fee or application to proceed in this matter *in forma pauperis*. See generally, *Docket*. Plaintiff has subsequently filed an application to proceed *in forma pauperis* with supporting inmate trust fund account. (DE# 10).

Plaintiff filed this action against the sole named defendant the State of Washington. He claims that law enforcement officials from the State of Washington improperly arrested him on June 14, 1988. He maintains that the arrest was unlawful in that the law enforcement officials had no jurisdiction to board the cruise ship and arrest him, a Moroccan native. See Complaint at 1-2. (DE# 1). Plaintiff seeks two million ($2,000.00) dollars in compensatory damages from the defendant. Id. at 13.

The instant complaint is subject to dismissal for various reasons, the simplest of which is Plaintiff's status as a "three-striker."

## II. §1915(g)

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. §1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The Eleventh Circuit has upheld the constitutionality of §1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27. In order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189,

1193 (11th Cir. 1999)(prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger).

### A. Prior Filing History

Plaintiff is a well-known pro se litigant. The Undersigned's search using the Court's PACER (Public Access to Court Electronic Records) system has revealed that Demos is a multiple filer whose abuse of the judicial system through excessive and frivolous filings during the past three decades in the Courts of the State of Washington and federal courts throughout the land is legendary. It is unnecessary to list in this Report the numerous civil matters that Demos has filed, not to mention that to do so would be a daunting task. The opinions issued by courts struggling to deal with the overwhelming volume and abusive nature of Demos' filings can be found by using PACER and Westlaw Services. It is sufficient to note that the number of Demos' filings has been in the hundreds.

In relevant part, review of this Court's records, and records of which this Court can take judicial notice,[1] reveals that Demos was convicted of offenses in Yakima County, Washington, in 1974, and in King County, Washington, in 1978. The Court of Appeals affirmed Demos' Yakima County convictions in 1975; State v. John Demos, 14 Wash.App. 1012 (1975), and Demos' King County convictions were affirmed by the Supreme Court of Washington in November of 1980; State v. John Robert Demos, a/k/a Anwarr Schabazz, 94 Wash.2d

---

[1] This Court can take judicial notice of its own records as well as records filed in another court pursuant to Federal Rule of Evidence 201(b) and (c). See United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)("A court may take judicial notice of its own records and the records of inferior courts."); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)(indicating that documents filed in another court may be judicially noticed)(quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir. 1992)).

733, 619 P.2d 968 (1980). Within one year of the time his convictions had been affirmed, Demos had filed 64 actions in federal district court in Spokane alone that were expressly found to have been brought in bad faith and were malicious on their face within the context of 28 U.S.C. §1915. See Demos v. Kincheloe, 563 F.Supp. 30, 32 n.2 (E.D.Wash. 1982). After that, Demos continued to file a "ceaseless barrage" of cases in the courts of the State of Washington. As early as 1982, the Supreme Court of Washington entered an order, attempting to curtail the abusive filings of "the indefatigable Mr. Demos."[2] See Demos v. Kincheloe, supra at 32-33 n.3. The United States District Courts for the Western and Eastern Districts of Washington entered similar standing Orders against Demos, as did the Ninth Circuit Court of Appeals. See Demos v. United States District Court for the Eastern District of Washington, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

Undaunted by the various court rulings, Demos continued filing frivolous and repetitive petitions, motions, and other pleadings in the state courts, federal district courts, Courts of Appeal, and the United States Supreme Court. In 1991, the United States Supreme Court entered an Order barring Demos from filing any extraordinary writs in that court unless he paid the filing fee. In re Demos, 500 U.S. 16, 111 S.Ct. 1569 (1991)(noting that Demos had 32 *in forma pauperis* filings between October of 1988 and April of 1991). In

---

[2]The court required Demos to file a form with any future action filed *in forma pauperis* certifying that the claim(s) presented in that complaint or petition were new claims which had never before been raised and disposed of on the merits by any federal court. Demos v. Kincheloe, 563 F.Supp. 30, 35 (D.C.Wash. 1982). He was further required to state that he understood that any action that had previously been dismissed as frivolous or malicious, whether by that court or any other federal court, would be construed as having been disposed of on its merits and that he further understood that if he falsely certified that a claim was new when it was not, he could be found in contempt of court and punished by imposition of a sentence in addition to the sentence he was then serving. Id. Any complaint or petition sought to be filed *in forma pauperis* which was not accompanied by the certification was to be returned to Demos by the Clerk without further action of the court. Id.

1992, after recognizing that its earlier entered order had not deterred Demos from filing frivolous actions, the United States District Court for the Western District of Washington entered an Order further restricting Demos from filing *in forma pauperis* applications. See <u>Demos v. Shalala</u>, 1994 WL 238840, *1 (D.D.C. May 16, 1994)(unpublished). In 1994, the District Court for the District of Columbia entered an order imposing sanctions against Demos and entering an order similar to that entered in 1992, by the Washington District Courts. <u>Id</u>.

Despite the court orders and sanctions, in the year 2000, Demos filed actions in no less than thirty-three different United States District Courts which included three civil rights cases filed in this Court. <u>See e.g.</u>, <u>Demos v. Doe</u>, No. 00-3311-Civ-Middlebrooks (S.D.Fla. Oct. 24, 2000)(order dismissing complaint in its entirety as to all defendants and all claims pursuant to 28 U.S.C. §1915(g)); <u>Demons v Ridder</u>, No. 00-00747-Civ-Moore (S.D.Fla. March 23, 2000)(order dismissing complaint pursuant to 28 U.S.C. §1915(b)(1) for failure to state a claim); <u>Demos v. Doe</u>, No. 00-03214-Civ-Highsmith (S.D.Fla. Oct. 30, 2000)(dismissing complaint for lack of venue and failure to exhaust administrative remedies). From 2000, until the present, Demos has filed at least an additional 108 cases in the various federal district and appellate courts.

### B. "Imminent Danger" Exception

It is well-beyond dispute that Plaintiff has filed at least three cases which fit the criteria of the statute. He has, therefore, been barred in the past and is currently barred from proceeding *in forma pauperis* in this or any other federal court pursuant to 28 U.S.C. §1915(g) unless he can show that he was under imminent danger of serious physical injury at the time he filed his

complaint. <u>See e.g.</u>, <u>Demos v Doe</u>, No. 00-3311-Civ-Middlebrooks (S.D.Fla. Oct. 24, 2000)(dismissing complaint pursuant to 28 U.S.C. §1915(g)).

While Plaintiff's complaint is far from a model of clarity, it appears that Demos is claiming that his arrest on June 14, 1988, effectuated while he was onboard a cruise ship, was an act of "piracy" in violation of international law and various treaties. <u>See</u> Complaint (DE# 1). Review of Plaintiff's recent complaint reveals that the allegations of the complaint in no way suggest that he is under imminent danger of serious physical injury at the time of the filing of the complaint or that serious physical injury is imminent. Nor do his allegations suggest a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Subsequent to the filing of the instant complaint, and apparently filed in anticipation of dismissal of the complaint pursuant to §1915(g), Plaintiff filed a pleading, entitled, "Motion to Intervene," apparently attempting to demonstrate that he is under imminent danger of serious physical injury. <u>See</u> DE# 7. Demos states that "[u]nless the Court intervenes, [he] will suffer an irrepairable [sic] injury." <u>Id</u>.

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to §1915(g)." <u>Niebla v. Walton Correctional Inst.</u>, 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006)(*citing* <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions insufficient to show imminent serious physical injury). "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific

6

references to injury are insufficient." Id. (*citing* Martin, *supra*, and White v. State of Colorado 157 F.3d 1226, 1231 (10th Cir. 1998) (internal quotations omitted). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff has failed to make the requisite demonstration to overcome dismissal. First, the pleading was filed approximately two weeks *after* the filing of the instant complaint. Id. Also, any claim of imminent danger is wholly conclusory and not supported by specific factual allegations. Thus, Plaintiff was not in imminent danger at the time of filing of his complaint, not in imminent danger soon thereafter, and his allegations do not demonstrate that he is in any way suffering an ongoing serious physical injury or there is a likelihood of imminent serious physical injury. Since Plaintiff has not paid the filing fee and the factual allegations of his complaint and supporting pleadings do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does not qualify under the imminent danger exception to §1915(g). Dismissal of the instant civil rights action is, therefore, appropriate.

As the statute provides that the filing fee must be paid at the time the suit is initiated, and only precludes the plaintiff from proceeding *in forma pauperis*, it would generally be recommended that the complaint be dismissed without prejudice to the plaintiff to file a new complaint accompanied by payment of the full filing fee of $350.00. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). However, preliminary review of the instant complaint by the Undersigned shows that Plaintiff's complaint, as

filed, would not survive a frivolity screening pursuant to 28 U.S.C. §1915.

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Undersigned finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted against the named defendant, because Demos' Complaint is barred pursuant to the doctrines set forth in *Preiser* and *Heck*.

The Supreme Court has specifically held that §1983 is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriquez, 411 U.S. 475, 499–500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ..., his sole federal remedy is a writ of habeas corpus."). See also Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004)(explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. §1983); Johnson v. Chisholm, 2009 WL 3481904, at *1 (S.D.Ga. 2009)(explaining that pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under §1983 because his sole remedy was to file a habeas petition under 28 U.S.C. §2241).

The Supreme Court expressly held in *Heck v. Humphrey* that when an inmate's allegations rest on the invalidity of his imprisonment, his §1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See also Edwards v. Balisok, 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(extending *Heck* to certain types of due process challenges brought under §1983). The Supreme Court in *Edwards* remarked that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that §1983 claim must be dismissed unless the conviction has already been invalidated. Edwards, 520 U.S. at 487.

Thus, a claim for monetary damages that challenges a civil rights Plaintiff's incarceration is not cognizable under §1983 until the underlying criminal conviction has been reversed in favor of the criminal defendant. Heck, 512 U.S. at 483. See also Hust v. Wyoming, 372 F.App'x 708, 710 (9th Cir. 2010)(district court properly dismissed arrestee's civil rights claims pursuant to *Heck* where arrestee did not even show that she had been to trial following her arrest, much less that the criminal proceedings against her were dismissed or otherwise resolved in her favor); Salas v. Pierce, 297 F.App'x 874, 876 (11th Cir. 2008)(concluding that district court properly found that *Heck* barred Plaintiff's claim against Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty because Plaintiff had not alleged that his sentence or conviction had been reversed on appeal, and a judgment in favor of Plaintiff would necessarily call into question the validity of his guilty plea and his underlying conviction)(*citing*, Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372).

Here, Plaintiff appears to be challenging the fact or duration of his confinement—rather than the conditions of that

confinement—by arguing that State of Washington law enforcement officers, on orders of the Governor, did not have jurisdiction to board the cruise ship and arrest him. Demos is challenging the lawfulness of his arrest, convictions, and current confinement. It is clear from the records for which this Court can take judicial notice that the subject convictions and resulting confinement about which the plaintiff complains have not been invalidated in an appropriate state or federal action. "Even a prisoner who has fully exhausted [all] available ... remedies has no cause of action under §1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck, 512 U.S. at 489.

Demos, an experienced pro se litigant, must surely know by now that the exclusive mechanism for a state prisoner to challenge his conviction is a timely petition for writ of habeas corpus filed under 28 U.S.C. §2254 in the District in which the petitioner was convicted or in the District where he is confined. 28 U.S.C. §§2241(d); 2254(d)(1)-(2). See generally Preiser, 411 U.S. at 489, 93 S.Ct. 1827; Griffin v. Levenson, 400 F.App'x 476, 477 (11th Cir. 2010). Even if a §2254 petition could now be filed, this District Court is not the appropriate venue for a §2254 petition. See e.g., Demos v. U.S. Secretary of Defense, No. 12-24531-Civ-King (S.D.Fla. Jan. 14, 2013)(transferring §2254 petition, challenging State of Washington convictions, to the United States District Court for the Western District of Washington).

### III. Recommendations

Based upon the foregoing, it is recommended as follows: (1) that Plaintiff's application to proceed *in forma pauperis* (DE# 10) be DENIED; (2) the complaint be dismissed pursuant to 28 U.S.C. §1915(g); see Dupree, 284 F.3d at 1237 (reasoning that the filing

10

fee is due upon filing a civil action when *in forma pauperis* provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed in forma pauperis), and dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii); and (3) this civil action be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 13th day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   John R. Demos, Pro Se
      DOC# 287455
      Washington State Penitentiary
      1313 N 13th Avenue
      Wallawalla, WA 99362