UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-24686-CIV-LENARD/WHITE

JOHN ROBERT DEMOS,
a/k/a ANWARR SHABAZZ,

       Plaintiff,

v.

THE STATE OF WASHINGTON,

       Defendant.
_____/

## ORDER ADOPTING THE REPORT OF THE MAGISTRATE JUDGE (D.E. 14), DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (D.E. 10), DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE (D.E. 1), AND CLOSING CASE

       **THIS CAUSE** is before the Court on the Report of Magistrate Judge Patrick A. White, entered January 13, 2015, ("Report," D.E. 14), recommending that the Court (1) deny Plaintiff's Motion to Proceed in Forma Pauperis (D.E. 10), filed January 9, 2015, and (2) dismiss with prejudice Plaintiff's Complaint, filed December 12, 2014, ("Complaint," D.E. 1).  Plaintiff, John Robert Demos (a/k/a Anwarr Shabazz), filed Objections to Judge White's Report on February 5, 2015.  ("Objections," D.E. 16.)  Upon review of the Report, the Objections, and the record, the Court finds as follows.

## I.    Background

       Because Judge White's recitation of the relevant facts is not in dispute, the Court repeats it here for consistency.

I.       Introduction

Plaintiff, while confined as a State of Washington prisoner, has filed the instant pro se action pursuant to 42 U.S.C. § 1983.  (DE# 1).  The Complaint was submitted to this Court without the $350.00 filing fee or application to proceed in this matter in forma pauperis.  See generally Docket. Plaintiff has subsequently filed an application to proceed in forma pauperis with supporting inmate trust fund account.  (DE# 10).

Plaintiff filed this action against the sole named defendant the State of Washington.  He claims that law enforcement officials from the State of Washington improperly arrested him on June 14, 1988.  He maintains that the arrest was unlawful in that the law enforcement officials had no jurisdiction to board the cruise ship and arrest him, a Moroccan native. See Complaint at 1-2.  (DE# 1).  Plaintiff seeks two million [$2,000,000.00] dollars in compensatory damages from the defendant.  Id. at 13.

II.       §1915(g)

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104–134, §§ 801–810, 110 Stat. 1321 (1996).  28 U.S.C. §1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may[]be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).   The Eleventh Circuit has upheld the constitutionality of §1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721–27.  In order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury."  Brown v. Johnson,

2

387 F.3d 1344, 1350 (11th Cir. 2004).  The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint.  See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger).

## A.  Prior Filing History

Plaintiff is a well-known pro se litigant.  The Undersigned's search using the Court's PACER (Public Access to Court Electronic Records) system has revealed that Demos is a multiple filer whose abuse of the judicial system through excessive and frivolous filings during the past three decades in the Courts of the State of Washington and federal courts throughout the land is legendary.  It is unnecessary to list in this Report the numerous civil matters that Demos has filed, not to mention that to do so would be a daunting task.  The opinions issued by courts struggling to deal with the overwhelming volume and abusive nature of Demos' filings can be found by using PACER and Westlaw Services.  It is sufficient to note that the number of Demos' filings has been in the hundreds.

In relevant part, review of this Court's records, and records of which this Court can take judicial notice, reveals that Demos was convicted of offenses in Yakima County, Washington, in 1974, and in King County, Washington, in 1978.  The Court of Appeals affirmed Demos' Yakima County convictions in 1975; State v. John Demos, 14 Wash. App. 1012 (1975), and Demos' King County convictions were affirmed by the Supreme Court of Washington in November of 1980; State v. John Robert Demos, a/k/a Anwarr Schabazz, 94 Wash. 2d 733, 619 P.2d 968 (1980).  Within one year of the time his convictions had been affirmed, Demos had filed 64 actions in federal district court in Spokane alone that were expressly found to have been brought in bad faith and were malicious on their face within the context of 28 U.S.C. § 1915.  See Demos v. Kincheloe, 563 F. Supp. 30, 32 n.2 (E.D. Wash. 1982).  After that, Demos continued to file a "ceaseless barrage" of cases in the courts of the State of Washington.  As early as 1982, the Supreme Court of Washington entered an order, attempting to curtail the abusive filings of "the indefatigable Mr. Demos."  See [id.] n.3.  The United States District Courts for the Western and Eastern Districts of Washington entered similar standing Orders against Demos, as did the Ninth Circuit Court of Appeals. See Demos v. United States District

Court for the Eastern District of Washington, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

Undaunted by the various court rulings, Demos continued filing frivolous and repetitive petitions, motions, and other pleadings in the state courts, federal district courts, Courts of Appeal, and the United States Supreme Court.  In 1991, the United States Supreme Court entered an Order barring Demos from filing any extraordinary writs in that court unless he paid the filing fee.  In re Demos, 500 U.S. 16, 111 S. Ct. 1569 (1991) (noting that Demos had 32 in forma pauperis filings between October of 1988 and April of 1991).  In 1992, after recognizing that its earlier entered order had not deterred Demos from filing frivolous actions, the United States District Court for the Western District of Washington entered an Order further restricting Demos from filing in forma pauperis applications.  See Demos v. Shalala, 1994 WL 238840, *1 (D.D.C. May 16, 1994) (unpublished).    In 1994, the District Court for the District of Columbia entered an order imposing sanctions against Demos and entering an order similar to that entered in 1992, by the Washington District Courts. Id.

Despite the court orders and sanctions, in the year 2000, Demos filed actions in no less than thirty-three different United States District Courts which included three civil rights cases filed in this Court. See e.g., Demos v. Doe, No. 00-3311-Civ-Middlebrooks (S.D. Fla. Oct. 24, 2000) (order dismissing complaint in its entirety as to all defendants and all claims pursuant to 28 U.S.C. § 1915(g)); Demons v Ridder, No. 00-00747-Civ-Moore (S.D. Fla.  March 23, 2000) (order dismissing complaint pursuant to 28 U.S.C. § 1915(b)(1) for failure to state a claim); Demos v. Doe, No. 00-03214-Civ-Highsmith (S.D. Fla. Oct. 30, 2000) (dismissing complaint for lack of venue and failure to exhaust administrative remedies).  From 2000, until the present, Demos has filed at least an additional 108 cases in the various federal district and appellate courts.

### B.  "Imminent Danger" Exception

It is well-beyond dispute that Plaintiff has filed at least three cases which fit the criteria of the statute.  He has, therefore, been barred in the past and is currently barred from proceeding in forma pauperis in this or any other federal court pursuant to 28 U.S.C. §1915(g) unless he can show that he was under imminent danger of serious physical injury at the time he filed his complaint. See e.g., Demos v Doe, No. 00-3311-Civ-Middlebrooks (S.D. Fla. Oct. 24, 2000) (dismissing complaint pursuant to 28 U.S.C. § 1915(g)).

While Plaintiff's complaint is far from a model of clarity, it appears that Demos is claiming that his arrest on June 14, 1988, effectuated while he was onboard a cruise ship, was an act of "piracy" in violation of international law and various treaties. See Complaint (DE# 1). Review of Plaintiff's recent complaint reveals that the allegations of the complaint in no way suggest that he is under imminent danger of serious physical injury at the time of the filing of the complaint or that serious physical injury is imminent. Nor do his allegations suggest a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Subsequent to the filing of the instant complaint, and apparently filed in anticipation of dismissal of the complaint pursuant to § 1915(g), Plaintiff filed a pleading, entitled, "Motion to Intervene," apparently attempting to demonstrate that he is under imminent danger of serious physical injury. See DE# 7. Demos states that "[u]nless the Court intervenes, [he] will suffer an irrepairable [sic] injury." Id.

General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." Niebla v. Walton Correctional Inst., 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (conclusory assertions insufficient to show imminent serious physical injury). "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." Id. (citing Martin, supra, and White v. State of Colorado 157 F.3d 1226, 1231 (10th Cir. 1998) (internal quotations omitted). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

(Report at 1-7 (footnotes omitted).)   Judge White found that Plaintiff failed to demonstrate that he was entitled to proceed with his claims because (1) the Motion to Intervene "was filed approximately two weeks after the filing of the instant complaint" and (2) "any claim of imminent danger is wholly conclusory and not supported by specific factual allegations." (Id. at 7.) Accordingly Judge White recommends dismissing the Complaint pursuant to 28 U.S.C. § 1915(g). (Id.)

5

Judge White further recommends dismissal <u>with</u> prejudice because the Complaint does not survive a frivolity screening pursuant to 28 U.S.C. § 1915.  (<u>Id.</u> at 7-8.) Specifically, the Complaint fails to state a claim upon which relief can be granted because it is barred by the Supreme Court's decisions in <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499-500 (1973) and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Presier</u>, the Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500.  In <u>Heck</u>, the Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87.  Judge White found that Plaintiff's claim for damages under Section 1983 was not cognizable because (1) he is challenging the fact or duration (rather than the conditions) of his confinement and (2) the convictions of which he complains have not been invalidated.  (Report at 9-10).  Thus, Plaintiff cannot state a claim under Section 1983 upon which relief can be granted.  (<u>See</u> <u>id.</u>)  Furthermore, any petition for writ of habeas corpus under 28 U.S.C. § 2254 would have to be filed in the District where he is confined.  (<u>Id.</u>)  Plaintiff is confined in the State of Washington; thus, this District is the improper venue for a Section 2254 petition.  (<u>Id.</u> (citing <u>Demos v. U.S. Sec'y of Defense</u>,

6

No. 12-24531-Civ-King (S.D. Fla. Jan. 14, 2013) (transferring § 2254 Petition, challenging State of Washington convictions, to the United States District Court for the Western District of Washington).

## II.      Legal Standard

Upon receipt of the Magistrate Judge's Report and Petitioner's Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).  The court must conduct a de novo review of any part of the Report that has been "properly objected to."  Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1) (providing that the district court "shall make a de novo determination of those portions of the [R & R] to which objection is made").  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "However, portions of the R & R that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review."  Cuevas on Behalf of Juarbe v. Callahan, 11 F. Supp. 2d 1340, 1342 (M.D. Fla. 1998) (citation omitted).

## III.      Discussion

Plaintiff's first objection states: "The U.S. Magistrate 'erred' in his . . . Report and Recommendation that this 42 U.S.C. 1983 civil suit be dismissed.  How so?"  (Objections

at 1.)  The Court finds this is a "[f]rivolous, conclusive, or general objection[] [that] need not be considered by the district court."  Marsden, 847 F.2d at 1548.  Judge White detailed precisely why Plaintiff's Section 1983 Complaint should be dismissed as (1) barred by 28 U.S.C. § 1915(g), and (2) not cognizable pursuant to Preiser and Heck. (Report at 7-10.)  Plaintiff does not even attempt to show how, in his opinion, Judge White's findings were incorrect.  The Court concludes that Judge White's findings are not clearly erroneous, and Plaintiff's first objection is therefore overruled.

Plaintiff's second objection states: "Petitioner's attached exhibits (clearly marked Exhibit A, B, C, D, E, F, & K) show that the validity of, the lawfulness of my conviction has been called into question by the 'issuance' of a writ of habeas corpus.  Exhibit K shows that the great writ was issued, and went forth on 10/10/2012."  (Objection at 1.)  A review of the record reveals that Plaintiff filed nothing marked "Exhibit" and filed nothing even remotely resembling a writ of habeas corpus.[1]  Plaintiff's second objection is frivolous and it is therefore overruled.

Plaintiff's third objection states: "Due to the Clallam County Superior Courts issuance of the great writ, Plaintiff clearly falls within the parameters of Heck v. Humphrey, 512 U.S. at 489, and Edwards v. Balisok, 520 U.S. 641.  My Exhibits show

---

[1]    The only attachments or "exhibits" Plaintiff filed are the following: (1) a Notice of Public Records Correction from the Moorish National Republic Federal Government Northwest Africa, (D.E. 7 at 2; D.E. 15 at 2), along with a (2) Name Declaration, Correction Proclamation and Publication, in which Plaintiff purports to change his name to Anwarr Shabazz (D.E. 7 at 3; D.E. 15 at 3), and a (3) Judicial Notice and Proclamation, in which Plaintiff appears to pledge allegiance to a Moorish culture, (D.E. 7 at 4-9; D.E. 15 at 4-9); (4) his in forma pauperis status report (D.E. 10 at 3); and (5) Judge White's Order Requiring Payment of Filing Fee or Motion to Proceed IFP with Detailed Financial Affidavit (D.E. 10 at 4-6).

that the validity of my convictions has been 'impunged' [sic], though not necessarily 'invalidated.'" (Objections at 2.) Again, Plaintiff has not filed any such exhibit with the Court. And, even if he had, such an exhibit is, by his own admission, insufficient to meet the standard of Heck which requires a plaintiff to "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87. Plaintiff does not allege that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under Section 2254. See id. Accordingly, his third objection is overruled.

Plaintiff's fourth and final objection states: "As for the issue of the (3) strikes, and the dismissal of the complaint under 28 U.S.C. 1915(g), plaintiff invokes the 'Noerr-Pennington Doctrine,' pursuant to 365 U.S. 127, 381 U.S. 657, 174 F.3d 322, 28 U.S.C. 1915(g), and the Noerr-Pennington Doctrine,' clash, and conflict. Can the lower U.S. District Court resolve this conflict?" Even construing this objection liberally, the Court finds it to be frivolous. "[T]he Noerr/Pennington Doctrine protects private efforts to influence government officials in creating or implementing legislation that has anticompetitive effects." TEC Cogeneration Inc. v. Fla. Power & Light Co., 76 F.3d 1560, 1570 (11th Cir. 1996). See also Andrx Pharm., Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1233 (11th Cir. 2005) ("Noerr–Pennington immunity . . . shields a defendant from antitrust liability for resorting to litigation to obtain from a court an anticompetitive

outcome.")  As this is not an antitrust case, the Noerr-Pennington Doctrine is completely

irrelevant.  Plaintiff's fourth objection is therefore overruled.

## IV.  Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.  The Report and Recommendation of the Magistrate Judge (D.E. 14) issued

    on January 13, 2015 is **ADOPTED**;

2.  Plaintiff's Motion for Leave to Proceed in Forma Pauperis, filed January 9,

    2015, is **DENIED**;

3.  Plaintiff's Complaint (D.E. 1), filed December 12, 2014, is **DISMISSED**

    **WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(g) and

    1915(e)(2)(B)(ii);

4.  All pending motions are **DENIED AS MOOT**; and

5.  This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 17th day of August,

2015.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**